**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Getzen, | CV 21-00558-TUC-CKJ (LAB) |
|     Petitioner, | **ORDER** |
| vs. | |
| David Shinn; et al., | |
|     Respondents. | |

Pending before the court is the petitioner's motion to extend time for discovery filed on June 27, 2022. (Doc. 21) The respondents filed a response on July 7, 2022. (Doc. 22) Getzen did not file a timely reply.

Previously, on December 18, 2021, Getzen filed a petition in this court for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) He filed an amended petition on March 14, 2022. (Doc. 7) Getzen was convicted of two counts of impersonating a police officer in Yavapai County Superior Court. (Doc. 20, p. 1); (Doc. 20-1, p. 10) He claims in his amended petition that (1) his cell phone records prove he is innocent, (2) Officer Jarmillo never filed a police report violating his 14th amendment rights, (3) he was not allowed to use his cell phone as evidence in his favor, and (4) his attorney was ineffective. *Id.* On May 31, 2022, the respondents filed an answer. (Doc. 20) They argue that "claims 1, 2, and 3 are non-cognizable and waived [because Getzen pleaded guilty], and all four of Getzen's claims are procedurally defaulted." *Id.*

In the pending motion, Getzen moves that this court "extend time for discovery" citing "*Arizona v. Willis* 1964" (Doc. 21) He provides no further argument aside from this citation. *Id.* The court presumes that Getzen is referring to *State of Arizona v. Willits*, 96 Ariz. 184, 393 P.2d 274 (1964). *Willits* stands for the proposition that, under certain circumstances, the trial court is required to instruct the jury that if the state "destroyed any evidence whose contents or quality are in issue, you may infer that the true fact is against their interest." *Willits* at 187, 276. The court notes that *Willits* has limited applicability to this case where the petitioner pleaded guilty and there was no trial. *See* (Doc. 20, p. 1); (Doc. 20-1, p. 10)

Discussion

Unlike a party to a normal civil action, a habeas petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 1796-97 (1997). Rule 6(a) of the Rules Governing § 2254 Cases permits discovery "only in the discretion of the court and for good cause shown." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir.1999), *cert. denied*, 528 U.S. 1092. Rule 6(b) further provides that "[a] party requesting discovery must provide reasons for the request."

Moreover, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "restricts the ability of a federal habeas court to develop and consider new evidence." *Shoop v. Twyford*, 142 S. Ct. 2037, 2043–44 (2022). "Review of factual determinations under [28 U.S.C.] § 2254(d)(2) is expressly limited to the evidence presented in the State court proceeding." *Id.* (punctuation modified). "And in *Cullen v. Pinholster,* 563 U.S. 170, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), [the Supreme Court] explained that review of legal claims under § 2254(d)(1) is also limited to the record that was before the state court." *Id.* "This ensures that the state trial on the merits is the main event, so to speak, rather than a tryout on the road for what will later be the determinative federal habeas hearing." *Id.*

"If a prisoner failed to develop the factual basis of a claim in State court proceedings, a federal court may admit new evidence, but only in two quite limited situations." *Id.* "Either the claim must rely on a new and previously unavailable rule of constitutional law made

- 2 -

retroactively applicable by [the Supreme Court], or it must rely on a factual predicate that could not have been previously discovered through the exercise of due diligence." *Id.* "And even if a prisoner can satisfy one of those two exceptions, he must also show that the desired evidence would demonstrate, by clear and convincing evidence, that no reasonable factfinder would have convicted him of the charged crime." *Id.*

In this case, Getzen has failed to show good cause in support of his motion to extend time for discovery. (Doc. 21) Getzen does not allege that he is relying on a "new and previously unavailable rule of constitutional law." *Shoop v. Twyford*, 142 S. Ct. 2037, 2044 (2022); (Doc. 21). Neither does he allege that his petition relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence." *Id.* Aside from his reference to *Willits*, Getzen provides no argument as to what evidence he seeks or how it would be relevant to his convictions. (Doc. 21); *see* Rule 6(b) of the Rules Governing § 2254 Cases.

IT IS ORDERED that the petitioner's motion to extend time for discovery filed on June 27, 2022 is DENIED. (Doc. 21) Getzen's deadline for filing a reply brief in support of his petition is extended to September 15, 2022.

DATED this 11th day of August, 2022.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge